CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 07 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Roanoke Division

| | |
|---|---|
| WILLIS HEADIN, | Civil Action No. 7:04CV00460 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| JO ANNE B. BARNHART, Commissioner, Social Security Administration | |
| Defendant. | By: James C. Turk<br>Senior United States District Judge |

The plaintiff, Willis Headin ("Headin" or "plaintiff"), was denied disability insurance benefits and supplemental security income benefits under Title II and XIV of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. Plaintiff appealed the decision to this Court, and the matter was referred to United States Magistrate Michael F. Urbanksi for a Report and Recommendation. On June 7, 2005, the Magistrate issued an opinion recommending that this Court affirm the Commissioner's decision denying benefits. On June 16, 2005, plaintiff filed his objections to the Magistrate's recommendations. Since neither party requested oral arguments, the case is now ripe for decision. After a *de novo* review of the case, and for the following reasons, the Magistrate's Report and Recommendation will be adopted.

## I.

Plaintiff protectively filed an application for a period of disability, disability insurance benefits and supplemental security income based on disability on October 17, 2001, alleging that he had been disabled since August 15, 2000. On June 3, 2003, an Administrative Law Judge

1

("ALJ") conducted a hearing on plaintiffs claims and, on November 28, 2003, issued a written decision denying plaintiff's application for benefits. At the administrative hearing, the plaintiff testified that due to his diabetes he: 1) experienced difficulty in walking due to calluses on his feet; 2) experienced numbness in his feet; and 3) had trouble sleeping. (Record ("R.") 270-73.) Plaintiff also testified that he could stand in one spot comfortably for 15 to 20 minutes, that he could walk for about 15 to 20 minutes and that he generally took two to three hour daily naps in the mid-afternoon. (R. 273-74, 279-80.) Plaintiff also indicated that he experienced calluses and numbness in his hands. (R. 274-75.)

The ALJ called a vocational expert ("VE") to testify at the hearing. The ALJ asked the VE whether there were jobs in the national economy available to an individual who was limited to sedentary work, could not stand for more than two hours in an eight hour work day, was not exposed to extreme temperatures, especially heat, was not at risk of any injury, particularly to his feet, and could not work in the food industry. (R. 285-86.) The VE opined there were jobs available in the national economy that such an individual could perform, namely bench worker, assembly worker and inspector. (R. 287-88.) Finally, the VE opined that the job base would be entirely eroded for an individual needed to take a two hour nap each day. (R. 289.)

At the end of the hearing, the ALJ noted that plaintiff did not have health insurance which explained why there were so few medical records in the file. As a result, the ALJ referred plaintiff to an internist for a consultative examination. On July 24, 2003, Hetzal Hartley, M.D. examined plaintiff and completed a Medical Source Statement of Ability to do Work-Related Activities form. (R. 211-17.) The results of Dr. Hartley's reports were made part of the record prior to the ALJ's written decision.

2

In his written decision, which became the final decision of the Commissioner, the ALJ found that plaintiff was 48 years old, a younger individual, had the equivalent of a high school education and had no skills transferrable to the skilled or semi-skilled work functions of other work. (R. 21.) While the ALJ determined that plaintiff's impairments were severe, he found they did not meet or medically equal any listing of impairment. The ALJ found plaintiff's testimony regarding his impairments not fully persuasive and that he had the residual functional capacity to perform a substantial range of sedentary work, but could not do his past relevant work. With the aid of the VE's testimony, the ALJ found that there were a significant number of jobs in the national economy that plaintiff could perform and, accordingly, found that plaintiff was not disabled. (R. 21.) The Magistrate found that the Commissioner's decision was supported by substantial evidence.

In his objections to the Report and Recommendation, plaintiff contends that the ALJ's decision was in error for two reasons. First, plaintiff argues that the record evidence clearly shows that plaintiff's impairments meet the requirements of Listing 9.08A. Moreover, plaintiff argues that the ALJ failed to fully analyze whether plaintiff's impairments met or equaled the Listing. Second, plaintiff argues that even if his impairments did not meet or equal Listing 9.08A, the Commissioner failed to establish that there is other work in the national economy that plaintiff can perform. Specifically, plaintiff contends that the ALJ erred in posing a hypothetical question to the VE which did not accurately reflect the plaintiff's impairments. Further, plaintiff contends that the ALJ erred by failing to fully address Dr. Hartley's opinions and failing to properly consider the combined effect of all of the plaintiff's impairments on his ability to work.

## II.

The court reviews *de novo* the Magistrate's Report and Recommendation. *See* 28 U.S.C.A. § 636(b)(1). The court must determine whether the Commissioner's findings are supported by substantial evidence, and whether the correct legal standards were applied. *See* 42 U.S.C.A. § 405(g); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). As the presiding officer at the administrative hearing, the ALJ makes factual determinations and resolves evidentiary conflicts. *See Hines v. Bowman*, 872 F.2d 56 (4th Cir. 1989). The court gives deference to the ALJ's factual determinations and reviews them only for clear error. *See Estep v. Richardson*, 459 F.2d 1015, 1017 (4th Cir. 1972). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## III.

In order to be considered disabled under Listing 9.08A, a claimant must suffer from diabetes mellitus with "[n]europathy demonstrated by significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station." 20 C.F.R. § 404, subpt. P, app. 1, § 9.08A. There is no question that plaintiff suffers from diabetes mellitus. Moreover, there is no question that plaintiff experienced problems with his feet due to the diabetes. As plaintiff points out, the record shows that he was treated for sores on both feet (*see* R. 100), was treated at Kuumba Community Health Center from June 20, 2002 through March 28, 2003, due to uncontrolled diabetes mellitus, calluses, bunions, hammer toes and diabatic foot problems (*see* R. 201-10), and Dr. Hartley opined that plaintiff had "dense peripheral neuropathy secondary to his diabetes."

4

Despite this evidence in the record, however, it is clear that plaintiff did not meet the requirements found in Listing 9.08A. While Dr. Hartley opined that plaintiff had neuropathy secondary to diabetes, he also noted that plaintiff had "intact motor strength in both the upper and lower extremities[.]" (R. 213.) Moreover, as the Magistrate pointed out, no doctor found that plaintiff suffered from any significant and persistent disorganization in motor function sufficient to satisfy the Listing. Rep. and Rec. at 6. Finally, the ALJ properly analyzed whether plaintiff's impairments met the requirements of the Listing as he found that "no treating or examining physician of record has reported any of the necessary clinical, laboratory, or radiographic findings specified [in the Listing]." (R. 18.) The ALJ did not err in failing to analyze more fully when there was no factual support that the listing could be met. *See Cook*, 783 F.2d at 1172.

Finally, the Commissioner has met her burden in showing that there exists jobs in the national economy that plaintiff is capable of performing. Plaintiff contends that because the limitations found in Dr. Hartley's report were not presented in a hypothetical question to the VE, it did not accurately reflect plaintiff's impairments, and the VE's testimony is, therefore, undermined. As the magistrate concluded, however, nothing in Dr. Hartley's report is inconsistent with the language of the hypothetical question presented to the VE. Thus, the ALJ did not err in relying on the VE's testimony when he concluded that there were other jobs in the national economy that plaintiff could perform. Accordingly, the Magistrate was not in error in concluding that substantial evidence exists in this case to support the Commissioner's decision.

After a *de novo* review of the record, the Court finds that the ALJ's decision was supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, the Court will adopt the Magistrate's Report and Recommendation in full and

5

overrule the plaintiff's objections. An appropriate order shall this day issue.

The Clerk is directed to send certified copies of this Memorandum Opinion and Order to all counsel of record.

ENTER: This 7th day of July, 2005.

/s/ James C. Turk
Senior United States District Judge